The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commission Tamara R. Nance, and the briefs and oral arguments before the Full Commission. The parties have not shown good ground to receive further evidence. However, plaintiff has shown good ground to reconsider the evidence. The Full Commission, having reviewed the evidence once again, modifies the Opinion and Award holding that plaintiff has been temporarily totally disabled from 11 July 1992 and continuing.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the heating as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An Employer-employee relationship existed between the plaintiff and defendant.
3. The date of the alleged injury was 10 July 1992.
4. CNA Transportation Insurance Co. was the compensation cartier on the risk.
* * * * * * * * * * * * * *
The Full Commission modifies the findings of fact found as follows: FINDINGS OF FACT
1. Plaintiff who is fifty-two years old, attended school to the eighth grade.
2. In 1972, plaintiff sustained a head injury when he fell from a ladder onto concrete. In 1984 he suffered a herniated disc at C6 and underwent surgery by Dr. Leroy Allen.
3. Two years prior to 1989, plaintiff began suffering vertigo, difficulty with gait, and weakness and numbness on the right side. Plaintiff came under the care of Dr. L. William McLain, a neurologist, who diagnose plaintiff's condition as multiple sclerosis, hereinafter referred to as MS.
4. MS is a disease, the cause of which is unknown, which results in inflammation of the central nervous system, brain and spinal cord, resulting in loss of vision, loss of sensation or equilibrium, and weakness in the extremities or over a side of the body. The disease is progressive and in its normal course the symptoms become more chronic over time with fewer and less complete remissions. Trauma can aggravate or accelerate MS. Further, although this is less certain, severe psychological stress also can exacerbate MS.
5. In August 1992, plaintiff was diagnosed with severe coronary artery disease. Coronary artery disease is a progressive disease that take years to develop. Plaintiffs coronary artery disease, hereinafter referred to as CAD, preexisted the injury of 10 July 1992 but was asymptomatic prior to August 1992. Plaintiff had several brothers who suffered myocardial infarctions, two of whom died as a result. Plaintiff was overweight, smoked cigarettes, ate a high fat diet, and has high blood pressure. Angina is a symptom of CAD. Mental or environmental stress can trigger angina.
6. Plaintiff went to work for defendant-employer as a route service man in 1977. He worked eight hours per day driving to different stores to fill vending machines. As of July 1992 his CAD and MS had not yet progressed to the point where they interfered with is ability to perform his job, although because of his MS he was so fatigued at the end of a work day he could not do anything else.
7. Plaintiff generally used a three-wheeled bicycle cart to carry the product from his truck to the vending machines. However, at his regular stop at Uptons, the vending machines were located at the top of a long flight of stairs. Therefore, rather that use the cart, plaintiff was forced to place approximately fifteen-(15) pounds of product in each of two crates and carry one crate in each hand to the top of the stairs.
8. On 10 July 1992 at 1:30 as plaintiff was carrying approximately fifteen (15) pounds of product in each hand up the stairs at Uptons when he experienced a sudden pain in his right hand which caused him to switch both crates to his left hand. As he was filling the rending machines at Uptons, plaintiff's right arm felt heavy but not particularly painful. This was his last stop before returning to the shop. As plaintiff drove home from the shop around 2:00, he began having difficulty keeping his hands on the steering wheel. By the time he arrived home, plaintiff was in severe pain, and by 3:30 that afternoon he was the office of Dr. Stephen C. Boone.
9. Dr. Boone diagnosed a herniated disc at C5-C6 on the right side and performed surgery the following day, 11 July 1992. In Dr. Boone's opinion, plaintiff's symptoms prior to surgery were consistent with the type of injury which occurred on 10 July 1992, and as of his last examination on 16 November 1992, plaintiff had not yet recovered from this work related injury.
10. During an examination on 11 August 1992, plaintiff continued to complain to Dr. Boone of neck and right arm pain. Further, during this visit, plaintiff complained of chest pain and tiredness, which prompted Dr. Boone to refer plaintiff to Dr. James A. Scovil, a cardiologist. Plaintiff was seen by Dr. Scovil that same day complaining of severe chest discomfort radiating down the left arm, as well as shortness of breath. A catheterization revealed severe left main CAD and emergency triple bypass surgery was performed.
11. On 15 September 1992 plaintiff was again examined by Dr. Boone. At that time, Dr. Boone opined that plaintiff may be able to return to work in about a weeks time, but only if cleared to do so by his cardiologist, Dr. Scovil. However, following his triple bypass surgery plaintiff never regained the capacity from a cardiovascular standpoint to return to any form of work. In Dr. Scovil's opinion, it was very likely that plaintiff's cardiovasculm' condition and symptoms had been aggravated and/or accelerated by the 10 July 1992 injury at work, the 11 July 1992 surgery for said injury and overall stress.
12. Since July 1992 plaintiff has suffered flare-ups or exacerbation's of his MS and has been seen for that by Dr. McLain. Dr. McLain opined that it was likely that plaintiff's MS symptoms were aggravated and/or accelerated the 10 July 1992 work related injury. Further, as of his last examination of plaintiff in September of 1993, Dr. McClain was of the opinion that plaintiff continued to be disabled, that plaintiff had been so disabled since July of 1992, and that plaintiff had not been disabled prior to 10 July 1992.
13. The ruptured cervical disc which Dr. Boone diagnosed and operated on was the result of a specific traumatic incident arising out of and in the course of plaintiff's employment with defendant-employer on 10 July 1992 when he was climbing the stairs at Uptons carrying fifteen pounds of product in each hand.
14. Plaintiff's multiple sclerosis condition as well as his coronary artery disease were aggravated and or accelerated by the specific traumatic incident of 10 July 1992.
15. The 10 July 1992 specific traumatic incident to plaintiff's neck in and of itself and/or as a result of it aggravating and/or accelerating plaintiff's multiple sclerosis and coronary artery disease rendered plaintiff incapable of earning wages with defendant-employer or in any other employment beginning on 11 July 1992 and continuing.
16. Defendants denial and defense of this claim was not based on unfounded litigiousness. It was not unreasonable to deny or defend this claim based on the record.
17. Plaintiff's average weekly wage is $421.31, yielding a compensation rate of $281.01.
* * * * * * * * * * * * * *
Based upon the findings of fact, The Full Commission Concludes as follows:
CONCLUSIONS OF LAW
1. On 10 July 1992 plaintiff experienced a specific traumatic incident which aggravated and/or accelerated his multiple sclerosis and coronary artery disease conditions so as to result in plaintiff becoming disabled. N.C. Gen. Stat. § 97-2(6); Morrison v.Burlington Industries, 304 N.C. 1, 282 S.E.2d 458 (1981).
2. As the result of the 10 July 1992 specific traumatic incident and the resulting aggravation and/or acceleration of plaintiff's multiple sclerosis and coronary artery disease conditions, plaintiff has been incapable of work in his former position with defendant-employer or any other employment beginning on said date and continuing. . N.C. Gen. Stat. § 97-29; Russell v.Lowes Product Distribution, 108 N.C. App. 762, 415 S.E.2d 454
(1993).
3. As the result of the 10 July 1992 specific traumatic incident and resulting aggravation of plaintiff's multiple sclerosis and coronary artery disease conditions, plaintiff is entitled to temporary total disability compensation at the rate of $281.01 per week from 11 July 1992 and continuing until defendant-employer obtains permission from the Industrial Commission to cease payment of compensation. N.C. Gen. Stat. §97-29.
4. As the result of the 10 July 1992 specific traumatic incident and resulting aggravation and/or acceleration of plaintiff's multiple sclerosis and coronary artery disease conditions, plaintiff is entitled to have defendants pay for all reasonable medical treatment arising from said injury, when bills for the same have been submitted by defendant-carrier to the Industrial Commission and Approved by the Commission. N.C. Gen. Stat. § 97-25.
5. Plaintiff's claim for attorney fees pursuant to N.C. Gen. Stat. § 97-88.1 is hereby denied because his claim was not denied or defended without reasonable ground.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, The Full Commission modifies the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to an attorney's fee hereinafter approved, defendants shall pay temporary total disability compensation to plaintiff at the rate of $281.01 per week for the period of 11 July 1992 and continuing.
2. A reasonable attorney's fee in the amount of twenty-five (25) percent of the accrued compensation benefits due under the above award is approved for plaintiff's counsel, which shall be deducted from said award and paid directly to thereto. Thereafter, counsel for plaintiff shall receive every fourth check payable to plaintiff pursuant to the above award.
3. Defendants shall pay all reasonable medical expenses which have been or will be incurred by plaintiff as a result of the specific traumatic incident of 10 July 1992 and resulting aggravation of his multiple sclerosis and coronary artery disease conditions when bills for the same have been submitted to the Industrial Commission and approved by the Commission.
4. Defendants shall pay the cost.
5. Defendants shall pay an expert witness fee in the amount of $250.00 to Dr. Boone and $600.00 to Dr. McLain.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER